**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RANDY ALLEN WILLINGER,

     Defendant-Appellant.

No. 98-2127
(D.C. No. CR 96-563 LH)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **HENRY**, Circuit Judges.

Richard Willinger pled guilty to possession with intent to distribute more than 100 grams of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. In the plea agreement, the United States agreed that the appropriate base offense level was 35, and that a

---

[*]After examining appellant briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

3-point reduction for acceptance of responsibility was warranted, resulting in a base offense level of 32. In addition, the United States agreed that this case called for a criminal history category between III and V, and that Willinger's sentence should not exceed 188 months imprisonment.

At sentencing, the district court noted that Willinger had filed a number of objections to the presentence report (PSR), and that those had been resolved between Willinger's counsel and the United States. Willinger's attorney confirmed that the parties had resolved the objections and that the parties had confirmed the accuracy of the plea agreement with respect to the calculations noted above. Accordingly, counsel advised the court that no evidentiary hearing was needed. These statements were made in Willinger's presence and he thereafter addressed the court without objecting to his counsel's statements. The court then adopted the PSR without taking into consideration certain paragraphs as agreed by the parties.

On appeal, Willinger's counsel submits what is essentially an Anders brief, see Anders v. California, 386 U.S. 738 (1967), informing us of the following claims Willinger wishes to raise: (1) that he was deprived of due process because the district court sentenced him without a hearing after he objected to the findings in the PSR; and (2) that his counsel was constitutionally ineffective for failing to inform the court of Willinger's intent to plead guilty "to the conduct of using

drugs of a lower grade and amount with his girlfriend . . . at their home and not for the economic gain conduct alleged at the 4th Street trailer." Counsel also informs us that Willinger "concedes the sentence received was not in excess of the agreed amount in the plea agreement."

We reject Willinger's claims. First, because his counsel resolved objections to the PSR with the government and informed the court that no evidentiary hearing was needed in light of such resolution, and because Willinger himself raised no further objections at sentencing, we find his due process claim devoid of merit. Second, we dismiss Willinger's ineffective assistance claim, which should be brought in collateral proceedings rather than on direct appeal. See United States v. Galloway, 56 F.3d 1239, 1240, 1242 (10th Cir. 1995) ("The rule in this circuit . . . is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255.").

The district court sentence is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge


- 3 -